### CLAFFY v. O'BRIEN et al.

#### (City Court of New York, General Term. November 1, 1889.)

PLEADING—ANSWER—ADMISSIONS.

In an action for the value of specific merchandise sold and delivered, an answer which denies each and every allegation of the complaint, but admits that at the time alleged plaintiff furnished "certain" goods, but not of the value alleged, does not admit the purchase of the goods referred to in the complaint.

Appeal from special term.

Action by John Claffy against John O'Brien and others. Judgment was entered on a verdict in favor of defendants, and plaintiff appeals.

Argued before McADAM, C. J., and EHRLICH and HOLME, JJ.

L. Laflin Kellogg, for appellant. E. T. Lovatt, for respondents.

PER CURIAM. This action was to recover $582.06 for specific merchandise alleged to have been sold and delivered to the defendants. In their answer they deny each and every allegation contained in the complaint, except that they were copartners. In the second paragraph of their answer the defendants admit that between the dates alleged in the complaint the plaintiff furnished "certain" goods, wares, and merchandise to the defendants, but not to the value of $582.06. Properly construed, this answer must be held to mean that, while the defendants did not purchase the goods referred to in the complaint, they nevertheless purchased "certain" other goods of the plaintiff, but not of the value charged in the complaint. The plaintiff evidently did not construe the pleading into an admission of indebtedness for the goods referred to in the complaint; for he did not move for judgment on it, and did not ask the trial judge to direct the jury that it contained an admission of liability for the debt.

The theory of the defense was that the goods were sold to one Flanagan, a subcontractor, on his individual credit, and that they were purchased without their authority; that Flanagan subsequently threw up his contract, and became their superintendent on the job he had thrown up; that they had settled with him as subcontractor, without any knowledge that the bill in suit was owing. The defendants swore substantially to this state of facts. The plaintiff made no request for a direction in his favor, and the case went to the jury without objection. The trial judge charged them that if Flanagan was the superintendent of the defendants when the goods were ordered, and had authority to order them, they should find for the plaintiff, but if, on the other hand, they found that Flanagan was not superintendent, or had no authority to purchase the goods, to find for the defendants. There was no exception to the charge, and no request for more specific instructions. The jury found for the defendants. Upon the conflict, we cannot say that the finding was wrong. There was no reason why the jury should sympathize with the defendants or have any prejudice against the plaintiff, and the verdict was, no doubt, the result of the conscientious conviction of the jury. We might have reached a different result, but this does not prove that the jury reached an improper one. The trial judge was evidently satisfied with the verdict, for he denied a motion to set it aside. Upon the entire case, the judgment and order appealed from must be affirmed, with costs.